Francisco CRUZ, Plaintiff,

v.

**ADVANCE STORES COMPANY, INC., d/b/a Advance Auto Parts, Defendant.**

**Case No. 11–60924–CIV.**

United States District Court, S.D. Florida.

Feb. 10, 2012.

Evan Reid Krakower, Plantation, FL, for Plaintiff.

Emmet Jay Schwartzman, Carlton Fields, Miami, FL, for Defendant.

## *ORDER*

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court upon Defendant, Advance Stores Company, Inc.'s Motion For Summary Final Judgment (DE 20). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

Plaintiff Francisco Cruz, a former customer of Defendant Advance Stores Company, initiated the above-styled cause with the filing of a two-count Complaint (DE 1–2). Count I alleges that Plaintiff was battered by Defendant's employee, John Doe (hereinafter referred to by his proper name, Jesus Arascue), and that this battery was the proximate result of Defendant's negligent hiring, supervision, or training of Arascue. Count II alleges battery against Arascue. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. For the reasons detailed

below, the Court will grant the instant Motion.

## I. *Background*

Plaintiff alleges that on September 5, 2007, Defendant's employee, Jesus Arascue, "without provocation, pushed, struck and shoved" him into a wall at Defendant's store in Deerfield Beach, Florida. According to Cruz, he had previously allowed Arascue to borrow his buffing machine and fan to clean Defendant's store. When he later asked Arascue to return these items, Arascue claimed he did not know where they were. Defendant's Manager, Fred, brought Plaintiff and Arascue into his office area and ordered Arascue to return the equipment, or have its cost deducted from his paycheck. Arascue then allegedly carried out the above-mentioned attack on Plaintiff, and Fred quickly intervened and ended the confrontation.

By the instant Motion (DE 20), Defendant moves for summary judgment on both Counts. Moreover, it notes that Plaintiff has failed to submit a Statement of Material Facts with its Response To Defendant's Motion For Summary Judgment (DE 29), in violation of S.D. Fla. L.R. 56.1(a). Therefore, Defendant's Statement of Material Facts (DE 20) is deemed admitted to the extent it is supported by the record. *See* L.R. 56.1(b). Those facts include, but are not limited to the following: first, there is nothing in the record to show that Defendant became aware of, or should have become aware of, any problems with Arascue that belied his unfitness as an employee; and second, there is nothing in the record to show that Defendant negligently trained Arascue. The Court finds that both of these facts are supported by the record.

## II. *Standard of Review*

Under Federal Rule of Civil Procedure 56(a), a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). The party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quotation omitted). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548; *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). But all such inferences "must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *Thompson Everett, Inc. v. Nat'l Cable Advert.,* 57 F.3d 1317, 1323 (4th Cir.1995).

## III. *Analysis*

As to Count I of the Complaint (DE 1–2), the issue for the Court is whether there is a genuine issue of material fact tending to show that Defendant (1) negligently

hired, (2) negligently supervised, or (3) negligently trained Arascue, and that such negligence proximately caused the battery against Plaintiff.

█ "Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness, and the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation in the employee's background." *Garcia v. Duffy,* 492 So.2d 435, 438 (Fla.Dist.Ct.App.1986). To prove a negligent hiring claim, a plaintiff must show that (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known. *Id.* at 440.

█ In his response brief (DE 29), Plaintiff now appears to have abandoned his negligent hiring claim. *See* DE 29, p. 3. But even assuming *arguendo* he has not abandoned it, the Court finds that he has presented no genuine issue of material fact to support it. By contrast, Defendant has submitted the affidavit of its Human Resources Manager, Tamara G. Colon (DE 20–3). She attests that Jesus Arascue applied for employment with Defendant on July 18, 2003, and was hired by Defendant as a commercial driver / mobile sales professional on July 23, 2003. DE 20–3, ¶¶ 4–5. In his job application and driver history form, Arascue did not report any criminal convictions or motor vehicle related offenses. *See* DE 20–3, Exhibits A & B. Defendant then requested his arrest record from the Broward County Sheriff's Office and learned that he had no prior arrests. *See* DE 20–3, Exhibit C. Thus, there are no facts in the record that could

possibly give rise to a negligent hiring claim, and the Court will grant Defendant summary judgment on that claim.

█ Negligent supervision "occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment." *Garcia,* 492 So.2d at 438. The plaintiff must allege that (1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment. *Id.* at 441.

█ "Negligent training occurs when an employer was negligent in the implementation or operation of the training program." *Gutman v. Quest Diagnostics Clinical Laboratories, Inc.,* 707 F.Supp.2d 1327, 1332 (S.D.Fla.2010) (*citing Mercado v. City of Orlando,* 407 F.3d 1152, 1162 (11th Cir.2005)).

█ Plaintiff has not raised a genuine issue of material fact as to negligent supervision or negligent training. As noted above, Plaintiff has admitted (by violating Local Rule 56.1(a)) that there is nothing in the record to substantiate these claims. What's more, these admissions are supported by the record. For instance, Plaintiff failed to offer any evidence to support his negligent supervision or training claims at his deposition. *See* DE 20–2. When asked why he thought Defendant had committed negligence, he stated that Fred should not have called him back to the office at the same time as Arascue. *See id.* at pp. 36–37. Beyond that, he conceded that Fred could not have done anything to prevent him from being attacked. *See id.* He further conceded that Fred "acted in good faith" in breaking up the

fight. *Id.* at p. 33. In addition, Plaintiff acknowledged that he had known Arascue to be a "very nice person, very calm" who "treat me always good." *Id.* at p. 6. These admissions do not support any element of Plaintiff's negligent supervision and training claims. Thus, the Court will grant Defendant summary judgment on those claims.

 Plaintiff attempts to raise brand new theories of negligence for the first time in his response brief (DE 29). For instance, Plaintiff argues that Defendant's Manager, Fred, "created an explosive situation" by calling Plaintiff and Arascue into his office at the same time and speaking with them about the missing equipment. *See* DE 29, p. 5. However, a party may not raise a new theory for the first time in response to a summary judgment motion. *See e.g., In re Andrx Corp., Inc.,* 296 F.Supp.2d 1356, 1367 (S.D.Fla.2003). "At the summary judgment stage, the proper procedure for [a plaintiff] is to amend her complaint in accordance with Fed.R.Civ.P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald and Co.,* 382 F.3d 1312, 1315 (11th Cir.2004). Therefore, Plaintiff's new theories are not properly before the Court.

As to Count II of the Complaint (DE 1–2), which alleges battery against Arascue, Plaintiff has not alleged liability against Defendant under the doctrine of *respondeat superior. See* DE 1–2; DE 20, ¶ 20. Thus, the Court will grant Defendant summary judgment on this Count.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Advance Stores Company, Inc.'s Motion For Summary Final Judgment (DE 20) be and the same is hereby **GRANTED;** and

2. Final Judgment will be entered by separate Order.